UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL CAIRNS<br><br>Plaintiff,<br><br>v.<br><br>PETER SINGER et al.<br><br>Defendants. | Case No.: 22-cv-1283-CAB-KSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. Nos. 12, 15] |

Plaintiff filed this lawsuit against one San Diego Superior Court Commissioner, one Superior Court trial judge, and three state appellate judges complaining about the outcome of a lawsuit he litigated through appeal in state court against the Lions Community Service Corporation ("LCSC") and the Legal Aid Society of San Diego ("LASSD"). Defendants have moved to dismiss, and Plaintiff has filed an opposition.[1] The Court deems this motion suitable for submission without oral argument and without the need for Defendants to file a reply. Because the Court lacks jurisdiction under the *Rooker-Feldman* doctrine, the motion is granted.

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

---

[1] Defendants' unopposed request for judicial notice of the docket and two state court appellate opinions from the underlying litigation against LCSC and LASSD is **GRANTED**.

1

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Under the *Rooker–Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see also* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 486.

The *Rooker-Feldman* doctrine "bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). "It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Here, the operative First Amended Complaint itself makes clear that this case is little more than a *de facto* appeal of Plaintiff's state court lawsuit against LCSC and LASSD. Even the relief sought in the complaint includes an injunction against LCSC. [Doc. No. 4 at 6.] Moreover, Plaintiff expressly does not argue against application of the *Rooker-Feldman* doctrine in his opposition. [Doc. No. 14 at 4 (stating that he has "no comment" to make about the section of Defendants' motion arguing that the *Rooker-Feldman* doctrine applies).]

In light of the foregoing, the Court holds that the *Rooker-Feldman* doctrine applies and bars the Court from exercising jurisdiction over Plaintiff's complaint against the state court judges who were involved in his state court lawsuit against LCSC and LASSD. *See*

*generally Reiner v. Cunningham*, No. WD CV 11-8353-JFW, 2011 WL 5877552, at *2 (C.D. Cal. Nov. 18, 2011), report and recommendation adopted, No. CV 11-8353-JFW PJW, 2011 WL 5877549 (C.D. Cal. Nov. 22, 2011) (dismissing case against state court judge arising out of outcome of state court litigation before that judge as falling "squarely within the parameters of the *Rooker-Feldman* doctrine"). Accordingly, it is hereby **ORDERED** that the motion to dismiss is **GRANTED**, and this case is **DISMISSED**.[2]

It is **SO ORDERED**.

Dated: January 26, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] Plaintiff's motion for leave to electronically file documents [Doc. No. 15] is therefore **DENIED AS MOOT**.